IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHAUN HARRIS,

      Petitioner,

v.                                    Civil Action No. 2:04CV6
                              (Criminal Action No. 2:00CR7-14)
UNITED STATES OF AMERICA,                        (STAMP)

      Respondent.


**ORDER AFFIRMING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I. <u>Procedural History</u>

On January 13, 2004, <u>pro se</u> petitioner, Shaun Harris ("Harris"), filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and a motion for leave to file an amended motion pursuant to § 2255. This Court referred the case to United States Magistrate Judge John S. Kaull, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of this matter.

On January 27, 2004, the magistrate judge entered an order directing the clerk to file the petitioner's § 2255, and granting the petitioner's request to file an amended § 2255. The petitioner then filed an amended § 2255 on February 18, 2004, to which the magistrate judge ordered the United States to respond. The United States filed a response, and the petitioner requested an extension of time to reply, which was granted. On June 14, 2004, the petitioner filed "Movant's Statement of Undisputed Issues of Material Fact" as well as a reply in support of his § 2255 petition.

On December 23, 2004, Magistrate Judge Kaull issued a report and recommendation stating that the petitioner's motion should be denied. The magistrate judge informed the petitioner that if he objected to any portion of the recommendation for disposition, he must file written objections within ten days after being served with a copy of the recommendation. The petitioner filed a motion to extend time to object to the report and recommendation, which was granted. The petitioner then filed an objection to the report and recommendation on January 27, 2005.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Facts

On May 11, 2001, the petitioner was found guilty by a jury in the Northern District of West Virginia of five separate counts of a multi-defendant criminal indictment. Specifically, the petitioner was found guilty of participating in a cocaine conspiracy in violation of 21 U.S.C. § 846, aiding and abetting

distribution of crack cocaine on two separate occasions in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) and for possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

On January 30, 2002, the petitioner appeared for his sentencing hearing, and this Court found that the petitioner had a base offense level of 34 and a criminal history category of III. This Court then found that the petitioner was a career offender warranting an offense level of 37 pursuant to U.S.S.G. § 4B1.1(b). After referring to the Guidelines, this Court determined the petitioner's sentencing range to be 360 months to life.  The Court then sentenced the petitioner to 360 months on each count to be served concurrently.

### III.  Discussion

In his § 2255 motion, the petitioner's basic assertion is that he had ineffective assistance of counsel.  In advancing this claim, the petitioner argues that: (1) his counsel failed to properly challenged the career offender determination which the petitioner argues was improperly based on drug quantity omitted from Count One of the second superceding indictment, (2) his counsel failed to move for an acquittal, (3) his counsel failed to advise the petitioner of his constitutional right to testify during his trial, and (4) his counsel failed to challenge the career offender determination on the ground that the petitioner's 1997 prior

conviction was not complete at the time of the alleged commencement of the conspiracy charged in Count One. In addition, the petitioner requested an evidentiary hearing, additional discovery and appointment of new counsel.

After evaluating the petitioner's claims, the magistrate judge entered a report and recommendation in which he made the following findings: (1) the petitioner's claim that his attorney ineffectively represented him by failing to properly challenge the career offender enhancement was without merit because drug quantities were properly before the jury through the indictment's reference to 21 U.S.C. § 841(b)(1)(A)(iii) which includes drug weight as an element of the offense, and because special interrogatories were used in the verdict form by which the jury determined the drug quantity involved; (2) the petitioner's claim that his attorney ineffectively represented him by failing to file a motion for judgment of acquittal must fail because the motion was unlikely to succeed in light of the Fourth Circuit's finding on appeal that substantial evidence supported Harris's conviction for conspiracy, United States v. Harris, 45 Fed. Appx. 302, 303 (4th Cir. 2002); (3) the petitioner's claim that his attorney ineffectively represented him by failing to advise him of the right to testify must fail because the petitioner provides no information as to the substance of his testimony or how such testimony would have changed the jury verdict; (4) the petitioner's claim that his attorney ineffectively represented him by failing to challenge the

career offender enhancement on the basis that his 1997 conviction was not complete also fails in light of the Fourth Circuit's determination that challenges to petitioner's career offender enhancement were meritless; and (5) the petitioner is not entitled to an evidentiary hearing, discovery or appointment of counsel because the evidence before the magistrate judge conclusively showed that the petitioner was entitled to no relief.

In his objection, the petitioner claims that the magistrate judge erred by not considering the petitioner's claim pursuant to the Supreme Court's opinion in <u>United States v. Booker</u>, 125 S. Ct. 1006 (2005). The petitioner argues that <u>Booker</u> amounts to an intervening change in the law, and therefore, should be applied to amend or vacate his sentence. In addition, the petitioner argues that the magistrate judge failed to appropriately consider each of his previous arguments.

    1.   <u>Booker Not Retroactive</u>

In <u>Booker</u>, the Court applied its holding in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), to the United States Sentencing Guidelines, affirming that the Sixth Amendment forbids judges from sentencing a defendant beyond the statutory maximum that is applicable based on facts found by a jury or admitted by the defendant. <u>Booker</u> at 746; <u>see</u> <u>Blakely</u> at 2537. The Court failed to address in <u>Booker</u> whether its holding should be applied retroactively on collateral challenges. However, this Court

concludes that under <u>Teague v. Lane</u>, 489 U.S. 288 (1989), <u>Booker</u> must not be applied retroactively under these circumstances.

<u>Teague</u> states that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." <u>Id.</u> at 310. Accordingly, a petitioner cannot retroactively incorporate new constitutional decisions of criminal procedure unless the petitioner demonstrates exceptional reasons why such incorporation is necessary. <u>Id.</u> at 306-309. Pursuant to <u>Teague</u>, the Fourth Circuit has determined that <u>Apprendi</u> and any case that extends the reasoning of <u>Apprendi</u> should not be applied retroactively on collateral review. <u>See</u> <u>United States v. Sanders</u>, 247 F.3d 139, 150 (4th Cir. 2001). Thus, <u>Booker</u>, which follows <u>Apprendi</u> and its progeny, does not apply retroactively to cases on collateral review. <u>See</u> <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005); <u>Green v. United States</u>, 397 F.3d 101 (2d Cir. 2005); <u>In re Anderson</u>, 396 F.3d 1336 (11th Cir. 2005). Thus, the petitioner's first and second objections must fail.

2.    <u>Petitioner's Enhancement Arguments Without Merit</u>

This Court also finds the petitioner's objections reasserting his original § 2255 arguments to be without merit. First, this Court agrees with the magistrate judge that the petitioner has failed to satisfy the two pronged analysis provided by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), to establish a right to an amended sentence or new trial based upon ineffective assistance of

counsel. Id. at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance). As stated above, the petitioner argues that his counsel was ineffective because he did not properly challenge this Court's career offender enhancement. The petitioner essentially makes two arguments regarding his enhancement: (1) Harris contends his counsel should have challenged the fact that drug quantity was omitted from Count One of the second superceding indictment and not before the jury; and (2) Harris contends his counsel should have challenged the fact that his 1997 prior conviction was not complete at the time the conspiracy allegedly began. Both arguments fail.

First, as the magistrate judge notes, the Fourth Circuit reviewed the petitioner's case on direct appeal and found Harris's enhancement and ultimate sentence to be appropriate. Harris at 303. Specifically, the court found "the Apprendi claim baseless because his sentence was below the applicable statutory maximum." Id. Second, the applicable drug amounts were properly before the jury before the verdict was entered, and attributable drug weight was determined by the jury. As the magistrate judge notes, the indictment references 21 U.S.C. § 841(b)(1)(A)(iii), which has as an element "50 grams or more of" cocaine base. Further, the jury was presented a special interrogatory regarding drug amount and specifically found that the petitioner's crime involved "fifty grams or more of cocaine base also known as 'crack.'" Special

Interrogatory, Docket No. 524. This Court agrees with the magistrate judge that the petitioner was sufficiently put on notice of the alleged drug quantity by the particular offense charged and by the special interrogatory. See United States v. Vazquez, 271 F.3d 93, 114 (3d Cir. 2001)(Becker, J., concurring)(Ambero, J., joining)(recognizing interrogatories as a preferred method for presenting threshold drug quantity to a jury). In summary, the petitioner's enhancement was appropriate, and therefore, the petitioner's counsel was not ineffective in not challenging the enhancement.

### 3. Petitioner's Judgment of Acquittal Argument Fails

As stated above, the petitioner argues that evidence at trial established conspiracies different than those pleaded in the indictment. However, the petitioner has already argued on direct appeal that the United States proved multiple conspiracies instead of the single conspiracy charged in the indictment. On appeal, the Fourth Circuit found that "substantial evidence, when viewed in the light most favorable to the Government, supports Harris' conviction for the conspiracy to distribute cocaine base charged in the indictment." Harris at 303. As the magistrate notes, the fact that the Fourth Circuit affirmed the petitioner's conspiracy charge indicates that a motion for judgment of acquittal would have been denied. Therefore, counsel's failure to file such a motion does not constitute ineffective assistance of counsel. See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

8

4. <u>Petitioner's Right to Testify Argument Without Merit</u>

As stated above, petitioner argues he was not given an opportunity by his counsel to testify, but the petitioner offers no evidence or argument as to how such testimony would have changed the jury's finding of guilt beyond a reasonable doubt. The petitioner must establish that he was prejudiced by his attorney's advice not to testify in order for this Court to find ineffective assistance of counsel. <u>See</u> <u>United States v. Terry</u>, 366 F.3d 312, 318 (4th Cir. 2004). He has not done so, and this objection must be denied.

5. <u>Evidentiary Hearing, Discovery and Appointment of Counsel Not Warranted</u>

Because the petitioner has failed to establish that he is entitled to relief, this Court agrees with the magistrate judge that the petitioner is not entitled to an evidentiary hearing, additional discovery or appointment of counsel. <u>See</u> 28 U.S.C. § 2255; <u>United States v. Roane</u>, 378 F.3d 382, 403 (4th Cir. 2004)(petitioner must demonstrate he is entitled to relief); <u>Pennsylvania v. Finley</u>, 481 U.S. 551 (1987)(appointment of counsel in post-conviction proceedings discretionary).

## IV. <u>Conclusion</u>

Because, after a <u>de novo</u> review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objection to the report and recommendation lacks merit, and because the remaining findings are not clearly erroneous, this Court hereby

ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the petitioner's § 2255 motion is DENIED and this civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 12, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE