IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Criminal Action No. 2:00CR7-14
                                         (JUDGE STAMP)

SHAUN KEVIN HARRIS,

        Defendant.

## REPORT AND RECOMMENDATION THAT MOTIONS TO VACATE OR DISMISS FINE PAYMENT BE DENIED

### I. Procedural History

Defendant, Shaun Kevin Harris, was convicted by a jury May 11, 2001, on Counts 1, 24, 28, 30, and 31 of the indictment. On January 30, 2002, defendant was sentenced to 360 months imprisonment on all counts to be served concurrently. Defendant was also sentenced to an assessment of $500 and a fine of $5,000 to be paid while Defendant is incarcerated. If not completed while incarcerated, the remainder of the fine was to be paid by the end of the term of supervised release.

On January 30, 2006 and again on September 25, 2006, defendant filed motions to vacate or dismiss fine payment. The motions were referred to me July 18, 2007. The Government filed its response August 15, 2007.

### II. Discussion

The January 30, 2006 motion alleges that since the sentencing court did not set a specific payment plan or schedule the Bureau of Prisons is prohibited from setting a payment plan or schedule. Defendant refers to United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996) in support of

this contention. Specifically, defendant contends he cannot be compelled to participate in the Inmate Financial Responsibility Program (IFRP) and requests the court order the Bureau of Prisons (BOP) to remove him from the IFRP Program and stop taking money from his inmate trust fund account.

The September 25, 2006 motion makes the same contentions.

The Government responds that when the Court orders immediate payment of a criminal fine, the Bureau of Prisons has discretion to place an inmate in the IFRP.

The IFRP was enacted to assist inmates "to meet his or her legitimate financial obligations"[1] and applies to "all inmates in federal facilities." 28 C.F.R. § 545.10. "The IFRP program serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." Johnpoll v. Thornburg, 898 F. 2d 849, 851 (2d Cir. 1990). Further, while the petitioner's failure to comply with the IFRP can have negative consequences on the inmate see 28 C.F.R. § 545.11(d), compelled participation in the program is neither punitive in nature nor violates due process because it is reasonably related to the legitimate government objective of rehabilitation. Johnpoll, 898 F. 3d at 851. The IFRP has been "uniformly upheld against constitutional attack." McGhee v. Clark, 166 F. 3d 884, 886 (7th Cir. 1999).

The Fourth Circuit Court of Appeals has held that "a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation officer." United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996). In Miller, the district court had ordered Miller to "make payments toward the $3,000 fine and the fifty-dollar restitution at such times and in such amounts as the Bureau of Prisons and/or the Probation Office may direct." The

---

[1] Fines are inmate financial obligations. 28 C.F.R. § 545.11(a)(3).

Fourth Circuit determined that the district court had improperly delegated its authority to the BOP and vacated the portion of Miller's sentence regarding the fine and restitution.

Defendant asserts that the sentencing court has a statutory duty to set the amount and timing of his assessment and fine. See 18 U.S.C. § 3572(d)(1) ("[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interests of justice, the court provides for payment on a date certain in installments"). The petitioner further argues that the sentencing court cannot delegate authority to the BOP and failed to maintain authority over the amount and timing of his fine and assessment.

Defendant's Judgment and Commitment order is clear that the sentencing court ordered that the Defendant pay a $500 assessment and a $5,000 fine. Moreover the sentencing court clearly ordered payment of assessment and fine begin immediately and be paid during the Defendant's term of imprisonment. Therefore, the sentencing court set the amount and timing of the Defendant's criminal assessment and fine and did not improperly delegate that responsibility to the BOP. The sentencing court stated that all criminal monetary penalties be paid to the clerk of court except payments through the IFRP. The Court did not require such participation, nor fail to maintain ultimate authority of such fine. The Court merely acknowledged that the fine could be paid in such a manner. Accordingly, the motions are without merit.

In an unpublished decision, the Fourth Circuit addressed the specific issue finding "participation in the Inmate Financial Responsibility Program ('IFRP') does not establish a violation of Miller. Coleman v. Brooks, 133 Fed. Appx. 51, 53 (4th Cir. 2005). Coleman then went on to discuss the holding of the Eighth Circuit "We therefore hold that it is within the BOP's discretion

to place appellants in the IFRP Plan" (when the sentencing court has ordered immediate payment). Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the pro se Defendant by certified mail, return receipt requested, at his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: September 5, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE