IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Criminal Action No. 2:00CR7-14
                                                              (STAMP)
SHAUN KEVIN HARRIS,

        Defendant.


                    **MEMORANDUM OPINION AND ORDER**
                   **AFFIRMING AND ADOPTING REPORT AND**
                   **RECOMMENDATION OF MAGISTRATE JUDGE**

                            I.  Background

    The pro se[1] defendant, Shaun Kevin Harris, was found guilty by a jury in the Northern District of West Virginia of five separate counts of a multi-defendant criminal indictment. Specifically, the defendant was found guilty of participating in a cocaine conspiracy in violation of 21 U.S.C. § 846, aiding and abetting distribution of crack cocaine on two separate occasions in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1), and for possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

    On January 30, 2002, the Court sentenced the defendant to 360 months on each count to be served concurrently. The Court also ordered the defendant to pay a $500.00 assessment, as well as a

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

$5,000.00 fine, to begin immediately and paid during the defendant's term of imprisonment.  If not paid during incarceration, the remainder of the fine was to be paid by the end of the term of supervised release.

On January 30, 2006, the defendant filed a motion to vacate or dismiss fine payment (Doc. No. 988).  Thereafter, on September 25, 2006, the defendant filed a second motion to vacate or dismiss fine payment (Doc. No. 1048) to which the government filed a response.

The petition was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation.  After a preliminary review of the record, the magistrate judge ordered the government to file a second response.  On August 5, 2007, Magistrate Judge Seibert issued a report and recommendation recommending that the defendant's motions to vacate or dismiss fine payment be denied.  The report and recommendation did not advise the parties of the right to file objections or provide a time frame within which to do so.  Accordingly, this Court entered an order giving the parties an opportunity to file objections to the magistrate judge's report and recommendation. Neither party filed objections.  For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's

recommendation to which objection is timely made.  However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived.  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Accordingly, because the defendant did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III.  Discussion

The defendant alleges that the sentencing court failed to set a specific payment plan or schedule, and that the Bureau of Prisons ("BOP") is prohibited from setting a payment plan or schedule. Specifically, the defendant contends that he cannot be compelled to participate in the Inmate Financial Responsibility Program ("IFRP"), and requests that this Court order the BOP to remove him from the IFRP program.

The magistrate judge recommended that these motions be denied because they lack merit.  This Court finds no clear error in the magistrate judge's report and recommendation.  A sentencing court may not delegate its authority to set the amount and timing of criminal fine payments to the BOP without retaining ultimate authority over such decisions.  Miller v. United States, 77 F.3d 71, 78 (4th Cir. 1996).  Where the sentencing court has ordered immediate payment of a criminal fine, the BOP has discretion to

place an inmate in the IFRP. See Coleman v. Brooks, 133 Fed. App'x 51, 53 (4th Cir. 2005) (unpublished) (citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002)).

In this case, the sentencing court set the amount and timing of the defendant's criminal fines by ordering that the $500.00 assessment and fine be paid during the defendant's term of imprisonment. See 18 U.S.C. § 3572(d)(2) (providing that if a judgment imposes criminal fines, "the length of time over which scheduled payments will be made shall be set by the court"). Because the sentencing court did not establish monthly installments or a date certain for payment of the fine, the monetary penalty was due immediately. See 18 U.S.C. § 3572(d)(1). The immediate payment requirement is generally interpreted to require payment to the extent that the defendant can make it in good faith, beginning immediately. Coleman, 133 Fed. App'x at 53.

The IFRP offers prisoners an avenue for making payments toward a monetary penalty imposed by the court. Although the Court permitted the defendant in this case to make payments through the IFRP, the Court did not require the defendant to pay his fines in that matter. Thus, the Court did not improperly delegate responsibility to the BOP, and the defendant's participation in the IFRP does not violate the holding in Miller.

## IV. Conclusion

For the above-stated reasons, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation.

Accordingly, the defendant's motions to vacate or dismiss fine payment are both DENIED.

Moreover, this Court finds that the defendant was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the defendant's failure to object to the magistrate judge's proposed findings and recommendation bars the defendant from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED:  September 18, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE